

ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

March 1, 2013

Douglas H. Hallward-Driemeier
T +1 202 508 4776
F +1 202 383 8354
douglas.hallward-driemeier@ropesgray.com

Mr. John Ley, Clerk
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 12-14009, *Wollschlaeger v. Governor, State of Florida.*

Dear Mr. Ley:

  This letter responds to Appellants' February 15, 2013 submission of supplemental authority. Appellants contend that President Obama's announcement "[c]larify[ing] that the Affordable Care Act [("ACA")] *does not prohibit* doctors asking their patients about guns" supports the constitutionality of Fla. Stat. § 790.338, which *does prohibit* such inquiries. Appellants are incorrect. The President's statement about a different statute is irrelevant to the constitutionality of § 790.338.

  First, several provisions of the ACA ensure only the right of patients to decline to provide information about firearms. *See* 42 U.S.C. § 300gg-17(c)(1) (federal health promotion program "may not require the disclosure" of gun ownership information); 42 U.S.C. § 300gg-17(c)(5) ("No individual shall be required to disclose any information" relating to gun ownership.). Notably, Appellees never challenged the analogous Florida provision providing that a patient may decline to provide information about gun ownership. *See* Fla. Stat. § 790.338(4); Appellees' Br. at 6.

  Second, to the extent the ACA restricts the collection of information about gun ownership, it does so only with respect to *the use of the federal funds* and *exercise of federally conferred authority*. *See, e.g.*, 42 U.S.C. § 300gg-17(c)(2) ("None of the authorities provided to the Secretary under the [ACA] shall be construed to authorize or may be used for the collection of any information relating to" firearm ownership); 42 U.S.C. § 300gg-17(c)(2) (same). Because those provisions put limits only on federal authority created by the ACA, they "do[] not prohibit doctors asking their patients about guns in their homes," as the President explained.

  In arguing that the ACA provisions are relevant to this suit, Appellants resurrect their debunked theory that the Florida statute's anti-inquiry provision is merely hortatory. That assertion, which the district court properly rejected, is contradicted by the statutory text (which characterizes "should refrain" as a "prohibit[ion]"), its structure (granting permission to inquire in certain circumstances "notwithstanding" the prohibition), and the fact that violations are punishable before

the Board of Medicine, Fla. Stat. § 790.338(8).  *See* Appellees' Br. at 22-27.  Appellants do not respond to any of those points.  The President's statement is thus inapposite to the present case.

Respectfully submitted,

Douglas H. Hallward-Driemeier
Ropes & Gray LLP
One Metro Center
700 12th St NW Suite 900
Washington, DC 20005
(202)-508-4600
douglas.hallward-driemeier@ropesgray.com
*Counsel for Appellees*

cc:

Pam Bondi
Timothy David Osterhaus
Jason Vail
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399