

ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

March 21, 2013

Douglas H. Hallward-Driemeier
T +1 202 508 4776
F +1 202 383 8354
douglas.hallward-driemeier@ropesgray.com

Mr. John Ley, Clerk
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 12-14009, *Wollschlaeger v. Governor, State of Florida*.

Dear Mr. Ley:

    This letter responds to Appellants' March 6, 2013 submission of supplemental authority. Contrary to Appellants' assertions, *Clapper v. Amnesty International, USA*, 2013 WL 673253 (2013), simply reaffirms basic principles under which Appellees have standing.

    Plaintiffs in *Clapper* challenged a provision in the Foreign Intelligence Surveillance Act permitting certain electronic surveillance of non-U.S. persons outside the United States. Plaintiffs alleged they were limiting communications with terror suspects for fear of interception. The Supreme Court rejected this theory of harm as too attenuated. The Court stressed that the statute prohibited surveillance targeted at any person in the United States or any U.S. person abroad, and that the statute required procedures "minimiz[ing] the acquisition and retention, and prohibit[ing] the dissemination, of … information concerning unconsenting United States persons." *Id.* at *5, *10. Because it was so speculative that plaintiffs' communications would ever be intercepted, plaintiffs' claim of chill was "not fairly traceable to the Government's purported activities." *Id.* at *12.

    Unlike *Clapper*, Appellees' injury does not "rel[y] upon a highly attenuated chain of possibilities." *Id.* at *8. Rather, it arises from a statute directly threatening Appellees with disciplinary sanctions if they engage in First Amendment protected expression. The law regulates "health care practitioner[s]," including Appellees, and specifies that "[v]iolating any of [its] provisions" "shall constitute grounds for … disciplinary actions." Fla. Stat. § 456.072(1)(nn). The day the law took effect, the Board of Medicine confirmed that violations are subject to disciplinary action, including medical license revocation. *See* Appellees' Br. 7-8.

    *Clapper* itself distinguished cases where, as here, plaintiffs challenge a governmental policy that directly "regulate[s or] constrain[s]" plaintiffs' actions. *Id.* at *13. And *Clapper* reaffirmed that chilled speech creates standing if the chill is due to real risks the statute imposes on the

plaintiff—such as "risks. . . to reputation" or "impairment of [a] political career." *Id.* at 21 (quoting *Meese v. Keene*, 481 U.S. 465, 474 (1987)).

The First Amendment does not permit the State to enact legislation restricting speech on pain of losing one's livelihood, and then to escape judicial review by purporting to disavow any intent to enforce it.

Respectfully submitted,

Douglas H. Hallward-Driemeier
Ropes & Gray LLP
One Metro Center
700 12th St NW Suite 900
Washington, DC 20005
(202)-508-4600
douglas.hallward-driemeier@ropesgray.com
*Counsel for Appellees*

cc:

Pam Bondi
Timothy David Osterhaus
Jason Vail
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399