

ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

July 2, 2013

Douglas H. Hallward-Driemeier
T +1 202 508 4776
F +1 202 383 8354
douglas.hallward-driemeier@ropesgray.com

Mr. John Ley, Clerk
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 12-14009, *Wollschlaeger v. Governor, State of Florida.*

Dear Mr. Ley:

Pursuant to Rule 28(j), appellees submit as supplemental authority the Supreme Court's decision in *Agency for Int'l Dev. v. Alliance for Open Society Int'l*, No. 12-10 (June 20, 2013) ("*AID*"). *AID* held that the First Amendment prevented Congress from conditioning federal funding for a program to combat HIV on recipients adopting a policy opposing prostitution. The analysis in *AID* confirms the district court's holding here that Florida's Firearm Owners' Privacy Act (the "Act") is an unconstitutional restriction of Florida doctors' speech.

Notably, *AID* held the anti-prostitution policy requirement was unconstitutional even applying a more lenient First Amendment standard than governs here. Congress is generally free to attach conditions on federal funding, including conditions that "may affect the recipient's exercise of its First Amendment rights." *AID*, slip op. 7. The Court nonetheless held the anti-prostitution policy requirement unconstitutional. *Id.* at 11-12. The Court further noted that if the requirement were "a direct regulation of speech," instead of a funding condition, the restriction "would plainly violate the First Amendment." *Id.* Thus, contrary to the State's arguments on appeal, Blue Br. 25-26, the fact that the Act directly regulates doctors' speech makes it *more* constitutionally suspect, not less so.

In holding the anti-prostitution policy requirement unconstitutional, the Supreme Court rejected a construction, like the one offered by Appellants here, that would have rendered superfluous another statutory provision. The *AID* dissenters argued that the condition merely ensured that federal funding would be used to promote the government's policy, but the majority rejected that post-hoc attempt at revising the statute. *AID*, slip op. 11. The Court noted that another, unchallenged provision already "ensures that federal funds will not be used for the prohibited purposes," and that the policy requirement "therefore must be doing something more." *Id.* Here, too, an unchallenged provision of the Act already protects unwilling patients from being forced to answer questions about gun ownership. *See* Fla. Stat. § 790.338(4). The enjoined

ROPES & GRAY LLP

provisions are "doing something more," by prohibiting doctors from asking about guns, and threatening punishment if they do. *Id.* § 790.338(8).

Please distribute this letter to each member of the Panel.

Respectfully submitted,

Douglas H. Hallward-Driemeier
Ropes & Gray LLP
One Metro Center
700 12th St NW Suite 900
Washington, DC 20005
(202)-508-4600
douglas.hallward-driemeier@ropesgray.com
*Counsel for Appellees*

cc:

Pam Bondi
Allen C. Winsor
Timothy David Osterhaus
Jason Vail
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399