

**PAM BONDI**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Allen Winsor
Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300     Fax (850) 410-2672
*allen.winsor@myfloridalegal.com*

July 31, 2013

**VIA ELECTRONIC FILING**

John Ley
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia 30303

Re:   *Wollschlaeger, et al., v. Governor, State of Florida*
       Case No: 12-14009-FF

Dear Mr. Ley:

   I write in response to Appellees' July 19 letter. First, Appellees wrongly suggest that the State must identify a compelling interest before regulating medical recordkeeping. Because medical recordkeeping is not protected speech, no such justification is necessary. (*See* Init. Br. 25-28.) In fact, Appellees' supplemental authorities demonstrate that medical recordkeeping is already extensively regulated—a fact undermining Appellees' assertion that medical recordkeeping implicates strict scrutiny. (Ans. Br. at 31-32.) *Cf. also Planned Parenthood v. Casey*, 505 U.S. 833, 884 (1992) (rejecting First Amendment challenge to mandatory disclosures because speech at issue was "part of the practice of medicine, subject to reasonable licensing and regulation") (plurality). Regardless, the privacy regulations Appellees cite do not undermine the State's interest in excluding from patient records firearm information "the practitioner knows . . . is not relevant to the patient's medical care or safety, or the safety of others," § 790.338(1), Fla. Stat.

   Although HIPAA regulations limit disclosure of "protected health information" or "PHI," 45 C.F.R. § 164.502, they include numerous exceptions, including one allowing disclosure "for the conduct of lawful intelligence, counter-intelligence, and other national security activities authorized by the National Security Act and implementing authority." *id.* § 164.512(k)(2) (citations omitted). But even putting all exceptions aside, and even assuming that information known to be "not relevant" would qualify as PHI, *cf. id.* § 160.103 ("health information" is information "[r]elat[ing] to the past, present, or future physical or mental health or condition . . ."), no regulation can *guarantee* privacy, and no collection of private information data is immune from breach. Although HIPAA provides penalties for unlawful disclosures, *see* 42 U.S.C. § 1320d-5, these penalties

come too late for patients whose privacy is violated. There is thus a legitimate interest in prohibiting misuse of gun ownership data by prohibiting its inclusion in medical records in the first place—at least to the extent the physician knows the information is irrelevant to patient care.

Appellees' submission does not support their position.

Sincerely,

Allen Winsor

ACW/pdt

Cc: Counsel of record (through CM/ECF)