# ASTIGARRAGA DAVIS

701 Brickell Avenue • 16th Floor
Miami, Florida 33131-2847

August 8, 2013

Mr. John Ley, Clerk of Court
U.S. Court of Appeals for the 11th Circuit
56 Forsyth St., N.W.
Atlanta, Georgia 30303

> Re: *Appeal No. 11-12897, Response to Notice of Supplemental Authority*

Dear Mr. Ley:

We respond to the supplemental authority improperly filed by Appellant Jet Air Service Ecuador S.A. ("JAS"). Federal Rule of Appellate Procedure 28(j) allows the filing of supplemental authority only after the party's brief has been filed--or after oral argument *but* before a decision. The Court already issued its decision. The supplemental authority JAS filed is untimely and should be stricken or disregarded.

The supplemental authority is not helpful to JAS in any event. The cited district court decision, In re Dubey, No. 13-677 (C.D. Ca. June 7, 2013), is from another Circuit, is not controlling on this Court, and would not even create a conflict between this Circuit and the Ninth Circuit.

Dubey also is irrelevant to this case. There, the court was faced with a § 1782 petition filed in California in support of a California arbitration. Although Dubey did not follow Conecel on whether § 1782 applies to a private arbitration tribunal, it never determined whether a California arbitration was "international" within the meaning of § 1782, for which JAS cites it. JAS nevertheless relies on Dubey for the purpose of engaging this Court in a debate on the hypothetical ramifications of its opinion here in the context of "U.S.-based arbitrations." JAS's slippery slope argument questioning the impact of the Court's decision on domestic arbitrations fails, however, because this Court made it clear that its opinion concerns "the determination of whether a *foreign arbitration* falls within the scope of section 1782." In re Consorcio Ecuatoriano de Telecomunicaciones S.A., 685 F.3d 987, 994 (11th Cir. 2012) ("Conecel").

Dubey's divergence from this Court's ruling in dicta does not assist JAS's petition for rehearing. The Dubey court acknowledged that courts are "split" on whether § 1782

applies to private arbitrations. This Court already considered this split and issued its ruling following an interpretation of Intel and numerous cases holding that an international arbitration is a proceeding in a foreign or international tribunal pursuant to § 1782. In any event, Dubey's divergence from Conecel it is not a basis for reversal for a hypothetical situation not at issue in the case.

                                            Sincerely,

                                            Edward H. Mullins