

**PAM BONDI**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Allen Winsor
Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300   Fax (850) 410-2672
allen.winsor@myfloridalegal.com

September 11, 2013

**VIA ELECTRONIC FILING**

John Ley
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia 30303

Re:   *Wollschlaeger, et al., v. Governor, State of Florida*
      Case No: 12-14009-FF

Dear Mr. Ley:

    I write pursuant to Rule 28(j) to call to the Court's attention *Pickup v. Brown*, -- F. 3d --, 2013 WL 4564249 (9th Cir. Aug. 29, 2013), a copy of which is attached. This case is relevant not only because it clarifies the Ninth Circuit's decision in *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), on which Appellees here rely (*see* Ans. Br. at 29, 46, 55, 57), but also because it recognizes that First Amendment protections are diminished within the doctor-client professional relationship.

    In our case, Appellees argue that their medical recordkeeping and other communications within their professional relationships are "speech," and that limitations on that "speech" must survive strict scrutiny. (*See* Ans. Br. at 27-50.) Consistent with the State's position, though, *Pickup v. Brown* explains that "the First Amendment tolerates a substantial amount of speech regulation within the professional-client relationship that it would not tolerate outside of it." *Pickup*, at 23. This is because "[w]hen professionals, by means of their state-issued licenses, form relationships with clients, the purpose of those relationships is to advance the welfare of the clients, rather than to contribute to public debate." *Id.*; *see also id.* at 22 ("'The state's obligation and power to protect its citizens by regulation of the professional conduct of its health practitioners is well settled.... [T]he First Amendment ... does not insulate the verbal charlatan from responsibility for his conduct; nor does it impede the State in the proper

*Dr. Bernd Wollschlaeger, et al., v. Governor, State of Florida*
Case No: 12-14009-FF
Page 2

exercise of its regulatory functions.'") (quoting *Shea v. Bd. of Med. Exam'rs*, 146 Cal. Rptr. 653, 662 (Ct. App. 1978) (alterations in *Pickup*)).[1]

    Please share this with the panel. Thank you for your assistance.

Sincerely,

Allen Winsor

ACW/pdt

Enc.

Cc:    Counsel of record (through CM/ECF)

---

[1] As the State did here, (Rep. Br. at 6-8), the Court in *Pickup* relied on the Supreme Court's decision in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833 (1992), in which the plurality noted that physicians' First Amendment rights not to speak were implicated "only as part of the practice of medicine, subject to reasonable licensing and regulation by the State." *Pickup*, at 21 (quoting *Planned Parenthood*).