

ROPES & GRAY LLP
ONE METRO CENTER
700 12TH STREET, NW, SUITE 900
WASHINGTON, DC 20005-3948
WWW.ROPESGRAY.COM

October 24, 2013

Douglas H. Hallward-Driemeier
T +1 202 508 4776
F +1 202 383 8354
douglas.hallward-driemeier@ropesgray.com

Mr. John Ley, Clerk
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 12-14009, *Wollschlaeger v. Governor, State of Florida*

Dear Mr. Ley:

    We submit this letter pursuant to Rule 28(j) in response to the State's letter regarding *Pickup v. Brown*, 728 F.3d 1042 (9th Cir.), petition for rehearing filed Sept. 10, 2013.

    *Pickup* upheld a California law prohibiting health providers from administering a form of therapy known as "Sexual Orientation Change Efforts" (SOCE) to patients younger than 18. *Id.* at 1048-49. The court found the law permissible because it "regulates conduct," *i.e.*, "a form of medical treatment for minors," with only incidental effects on speech, while leaving "providers free to discuss and recommend, or recommend against, SOCE." *Id.* at 1055, 1056. The legislative record demonstrated an "overwhelming consensus … that SOCE was harmful and ineffective." *Id.* at 1057; *see also id.* at 1050 (noting "well documented" record that SOCE "creates a potential risk of serious harm").

    *Pickup* is inapposite here. *Pickup* specifically reaffirmed *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002), upon which appellees rely here, and distinguished laws that restrict "communications *about* medical treatment," such as doctors "recommending" a course of action to patients. *Id.* at 1053. The latter types of physician-patient communications "receive substantial First Amendment protection," and laws restricting them are impermissible if they are "content- and viewpoint-based." *Id.*

    Unlike *Pickup*, Florida has directly limited doctors' speech about guns, precisely because the legislature disagreed with the perceived message (*see* Appellees' Br. 30-33), and it even limited doctors' ability to ask questions of, or record information about, adult patients who welcomed the communication. FOPA does not protect patients from harmful "quack medicine" or "charlatans." *See Pickup*, 728 F.3d at 1054. As the District Court observed, the legislative record here is bereft of any record establishing a legitimate medical justification for the Act's restrictions on speech. *See* D105:3 [SJ Order] ("It does not appear that the Florida legislature relied on any studies, research, or

ROPES & GRAY LLP

statistics on physicians' practices or patients' experiences on this issue."). Indeed, appellees' practices actually represent *the standard of care* advocated by national medical associations.

As a content- and viewpoint- restriction on doctors' speech, FOPA is subject to strict scrutiny, which the State cannot meet.

Respectfully submitted,

Douglas H. Hallward-Driemeier
Ropes & Gray LLP
One Metro Center
700 12th St NW Suite 900
Washington, DC 20005
douglas.hallward-driemeier@ropesgray.com
*Counsel for Appellees*

Enclosures

cc:

Allen C. Winsor
Pam Bondi
Jason Vail
Office of the Attorney General
PL-01, The Capital
Tallahassee, FL 32399