Case No. 12-14009

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DR. BERND WOLLSCHLAEGER, *et al.*,
Plaintiffs/Appellees/Petitioners,

vs.

GOVERNOR OF THE STATE OF FLORIDA, *et al.*,
Defendants/Appellants/Respondents.

Appeal from the United States District Court
For the Southern District of Florida

**MOTION OF AMERICAN MEDICAL ASSOCIATION, AMERICAN ACADEMY OF PEDIATRICS, AMERICAN ACADEMY OF CHILD AND ADOLESCENT PSYCHIATRY, AMERICAN ACADEMY OF FAMILY PHYSICIANS, AMERICAN OSTEOPATHIC ASSOCIATION, AMERICAN COLLEGE OF PHYSICIANS, AMERICAN COLLEGE OF SURGEONS, AMERICAN COLLEGE OF OBSTETRICIANS AND GYNECOLOGISTS, AND AMERICAN CONGRESS OF OBSTETRICIANS AND GYNECOLOGISTS FOR LEAVE TO FILE *AMICUS* BRIEF IN SUPPORT OF PETITION FOR REHEARING *EN BANC***

Pursuant to 11th Cir. R. 35-6, the medical associations identified above move for leave to file the accompanying *amicus* brief in support of the petition for rehearing *en banc* in this matter. In support of this request, *amici* state as follows:

1. *Amici* are professional associations of physicians, residents and

medical students. *Amicus* the American Medical Association ("AMA") is the largest such association in the United States. The remaining *amici* are national specialty medical societies that represent their members in matters of public concern. All *amici* have members that practice in the State of Florida and whose ability to practice medicine is detrimentally affected by Florida's Firearm Owners' Privacy Act ("FOPA"), the validity of which is the issue in this lawsuit.

2. In determining the petition for rehearing, this Court is to consider, *inter alia*, whether the case presents a question of exceptional importance. Fed. R. App. P. 35(a)(2). That issue, in turn, is likely to hinge on whether and how FOPA and the panel decision affect persons beyond the specific litigants herein.

3. The proposed *amicus* brief addresses the effect of FOPA and the panel decision on the practice of medicine. It also addresses the ways that physicians are likely to respond to the panel decision and on the repercussions such responses may have to the rule of law generally.

4. *Amici*, as preeminent representatives of the medical profession, are able to provide the Court with a unique insight into these issues.

5. Both the majority panel decision and the dissent extensively discuss the policies and positions of organized medicine, particularly those of the AMA.

6. Most of the parties to this motion appeared as *amici* in the original hearing of this cause.

                                      _____
                                      Richard H. Levenstein
                                      Attorney for *Amici Curiae*

| | |
|---|---|
| Jon N. Ekdahl | Richard H. Levenstein |
| Leonard A. Nelson | Kramer, Sopko & Levenstein, P.A. |
| American Medical Association | 2300 SE Monterey Rd., Suite 100 |
| 330 N. Wabash Ave | Stuart, FL 34995 |
| Chicago, IL 60611 | (772) 288-0048 |
| (312) 464-5532 | |
| | |
| *Of Counsel* | *Counsel of Record for Amici* |

# Certificate of Service

I HEREBY CERTIFY that a true copy of the foregoing motion for leave to file *amicus* brief has been delivered to a third-party carrier for express delivery to the following attorneys on August 25, 2014:

Pamela Jo Bondi
Allen c. Winsor
Timothy D. Osterhaus
Jason Vail
Diane G. DeWolfe
Rachel E. Nordby
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050

Douglas H. Hallward-Driemeier
Mariel Goetz
Ropes & Gray LLP
700 12th Street NW, Suite 900
Washington, D.C. 20005

An electronic version of the same was delivered to the Clerk and served electronically via the Court's CM/ECF system. In addition, 15 copies were sent by overnight courier, next business day delivery, to the Clerk of Court.

Date: August 25, 2014

Richard H. Levenstein
Attorney for *Amici Curiae*