# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No.: 12-14009
D.C. Docket No.: 1:11-cv-22026-MGC

DR. BERND WOLLSCHLAEGER, DR. JUDITH SCHAECHTER, DR. TOMMY SCHECHTMAN, AMERICAN ACADEMY OF PEDIATRICS, FLORIDA CHAPTER, AMERICAN ACADEMY OF FAMILY PHYSICIANS, FLORIDA CHAPTER, AMERICAN COLLEGE OF PHYSICIANS, FLORIDA CHAPTER, INC., ROLAND GUTIERREZ, STANLEY SACK, SHANNON FOX-LEVINE,

*Plaintiffs-Appellees,*

vs.

GOVERNOR OF THE STATE OF FLORIDA, et al.,

*Defendants-Appellants*.

Appeal from the United States District Court
for the Southern District of Florida

**AMERICAN BAR ASSOCIATION'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PETITION FOR REHEARING *EN BANC* OF PLAINTIFFS-APPELLEES, DR. BERND WOLLSCHLAEGER, ET AL.**

| | |
|---|---|
| Of Counsel: | William C. Hubbard* |
| | President |
| Richard J. Ovelmen | American Bar Association |
| Florida Bar No. 284904 | 321 North Clark Street |
| | Chicago, IL 60654 |
| Gary L. Sasso | 312-988-5000 |
| Florida Bar No. 622575 | abapresident@americanbar.org |
| | *Counsel of Record |

*Counsel for Amicus Curiae American Bar Association*

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, *amicus curiae* American Bar Association ("ABA") discloses that it is an Illinois nonprofit corporation, has no parent corporation, and does not issue shares of stock. ABA is a national organization representing member attorneys.[*]

On behalf of *amicus curiae*, American Bar Association, the undersigned certifies that the Certificate of Interested Persons included within Plaintiffs-Appellees Petition for Rehearing *En Banc* is complete.

      /s/ William C. Hubbard
      William C. Hubbard

---

[*] No party's counsel authored this motion, and no party, its counsel, or other person contributed money intended to fund the motion's or proposed brief's preparation or submission other than ABA and its members.

# MOTION

Pursuant to 11th Cir. R. 35-6, the American Bar Association ("ABA") moves for leave to file an *amicus curiae* brief in support of the petition for rehearing *en banc* filed by the Plaintiffs/Appellees.

This motion should be granted because the ABA has a strong interest in protecting the free speech rights of regulated professionals. The ABA is the largest voluntary professional membership organization and leading association of legal professionals in the United States. Since its founding in 1878, the ABA has taken special responsibility for protecting the rights guaranteed by the Constitution, which include the First Amendment rights of health care practitioners and other regulated professionals.

The predecessor in name to the ABA's Standing Committee on Gun Violence was created in November 1993, to address gun violence with comprehensive policy recommendations and to promote sensible measures within the law to prevent gun violence.[1]

Of special relevance to the question before the *en banc* Court, the ABA adopted a policy in 2012, opposing "governmental actions and policies that limit the rights of physicians and other health care providers to inquire of their patients whether they possess guns and how they are secured in the home or to counsel

---

[1] Information on the Standing Committee on Gun Violence is available at http://www.americanbar.org/groups/committees/gun_violence.html.

their patients about the dangers of guns in the home and safe practices to avoid those dangers." ABA Policy #111 (adopted August 2012) ("ABA Policy #111").[2] The accompanying report ("ABA Report #111") noted that legislation limiting the right of health care professionals to ask their patients such questions interferes with preventive care duties that are a foundation of modern medicine, and violates the First Amendment rights of both health care practitioners and their patients.

The ABA has a strong interest in the First Amendment question presented to this Court and in the crucial importance of open and unfettered dialogue between members of regulated professions (such as doctors and attorneys) and their patients or clients. Indeed, the dissent in this case cited ABA Policy #111. (Case No. 12-14009, Slip Op. at 68).

This motion also should be granted because the ABA, as *amicus curiae*, demonstrates in its proposed brief that the panel decision is contrary to binding precedent from the Supreme Court of the United States. *See Legal Services Corp. v. Velazquez*, 531 U.S. 533, 121 S.Ct. 1043, 149 L.Ed.2d 63 (2001); *U.S. v. Stevens*, 559 U.S. 460, 130 S.Ct. 1577, 176 L.Ed.2d 435 (2010); *Sorrell v. IMS Health Inc.*, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011); *U.S. v. Alvarez*, 132 S.Ct. 2537, 183 L.Ed.2d 574 (2012).

---

[2] Available at http://www.americanbar.org/content/dam/aba/administrative/house_of_delegates/resolutions/2012_hod_annual_meeting_111.authcheckdam.doc.

These decisions demonstrate that the speech restriction at issue in this case is an unlawful content-based, viewpoint discriminatory, and speaker-based limitation. These decisions also demonstrate that regulated professionals maintain First Amendment rights within their professional activities, and that courts are limited in defining unprotected speech to the narrow categories of unprotected speech long known to the bar and those that have been historically unprotected.

This motion also should be granted because one of the counsel for *amicus curiae*, Richard J. Ovelmen, of Carlton Fields Jorden Burt, P.A., served as counsel for *amicus curiae*, TechFreedom, in *Sorrell v. IMS Health Inc.*, 131 S.Ct. 2653, 180 L.Ed.2d 544 (2011), a central Supreme Court decision applicable in this case.

## CONCLUSION

The ABA respectfully requests the Court grant this motion and accept the ABA's attached brief as *amicus curiae* in support of the petition for rehearing *en banc* filed by the Plaintiffs/Appellees.

| | |
|---|---|
| Dated: August 25, 2014 | Respectfully submitted, |
| | /s/ William C. Hubbard |
| Of Counsel: | William C. Hubbard* |
| | President |
| Richard J. Ovelmen | American Bar Association |
| Florida Bar No. 284904 | 321 North Clark Street |
| | Chicago, IL 60654 |
| Gary L. Sasso | 312-988-5000 |
| Florida Bar No. 622575 | abapresident@americanbar.org |
| | *Counsel of Record |

4

36281389.1

# CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2014, a true copy of the foregoing was served by Notice of Electronic Filing generated by ECF upon all counsel of record:

| | |
|---|---|
| Pamela J. Bondi, Attorney General<br>Timothy D. Osterhaus Solicitor General<br>Jason Vail, Assistant Attorney General<br>Diane G. DeWolf, Deputy Solicitors General<br>Rachel E. Nordby, Deputy Solicitors General<br>Office of the Attorney General<br>PL-01, The Capitol<br>Tallahassee, FL  32399 | Douglas Hallward-Driemeier<br>Bruce S. Manheim, Jr.<br>Mariel Goetz<br>Ropes & Gray LLP<br>700 12th Street, NW, Suite 900<br>Washington, DC 20005-3948 |
| Elizabeth N. Dewar<br>Ropes & Gray LLP<br>Prudential Tower<br>80 Boylston Street<br>Boston, MA  02199-3600 | Jonathan E. Lowy<br>Daniel R. Vice<br>Brady Center to Prevent Gun Violation<br>1225 Eye Street, NW, Suite 1100<br>Washington, DC 20005 |
| Edward Maurice Mullins<br>Hal Michael Lucas<br>Astigarraga Davis Mullins & Grossman<br>701 Brickell Avenue 16th Floor<br>Miami, FL 33131-2847 | Dennis Gary Kainen<br>Weisberg & Kainen<br>1401 Brickell Avenue<br>Suite 800<br>Miami, FL 33131-3554 |
| Charles J. Cooper<br>David H. Thompson<br>Peter A. Petterson<br>Cooper and Kirk, PLLC<br>1523 New Hampshire avenue, NW<br>Washington, D.C.  20036 | John C. Eastman<br>Anthony T. Caso<br>Center for Constitutional Jurisprudence<br>c/o Chapman University School of Law<br>One University School of Law<br>One University Drive<br>Orange, CA  92886 |

      /s/ William C. Hubbard
      William C. Hubbard

5
36281389.1