

ROPES & GRAY LLP
PRUDENTIAL TOWER
800 BOYLSTON STREET
BOSTON, MA 02199-3600
WWW.ROPESGRAY.COM

January 20, 2015

Douglas H. Hallward-Driemeier
T +1 202 508 4776
F +1 202 383 8354
douglas.hallward-driemeier@ropesgray.com

Mr. John Ley, Clerk
United States Court of Appeals, Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303

Re: No. 12-14009, *Wollschlaeger v. Governor, State of Florida*

Dear Mr. Ley:

Pursuant to F.R.A.P. 28(j), we call the Court's attention to the Fourth Circuit's First Amendment decision in *Stuart v. Camnitz*, No. 14-1150 (Dec. 22, 2014) (attached), which struck down under intermediate scrutiny a North Carolina statute requiring physicians who treat women seeking abortions to describe the fetus in detail, while conducting an ultrasound and displaying a live sonogram to the patient.

The Fourth Circuit rejected the view of the panel majority here that state regulation of physicians' expression while providing professional care is subject only to rational-basis scrutiny. *Id.* at 17. Because the regulation at issue in *Stuart* "require[d] doctors to 'say' as well as 'do,'" it was a "content-based regulation" of speech subject to *at least* "heightened intermediate scrutiny." *Id.* The Fourth Circuit rejected the assertion that *Planned Parenthood v. Casey*, 505 U.S. 833, 884 (1992) (plurality), had held that the regulation of physician speech always receives only deferential rational-basis review. *Stuart*, slip op. 18-21. Instead, "[a] heightened intermediate level of scrutiny … appropriately recognizes the intersection here of regulation of speech and regulation of the medical profession in the context of an abortion procedure." *Id.* at 21. Because the "Display of Real-Time View" requirement failed even intermediate scrutiny, the court did not need to decide whether strict scrutiny applies when state regulation of professional speech "constitutes viewpoint discrimination," *id.* at 14 n.3, as Florida's Firearm Owners Privacy Act (FOPA) does.

The Fourth Circuit's analysis confirms Judge Wilson's conclusion in his dissent in the panel decision that FOPA cannot withstand even intermediate scrutiny. Like Judge Wilson, the Fourth Circuit noted that North Carolina had "interfere[d] with the doctor-patient relationship" and that "there are limits on state attempts to compel physicians to deliver its message, especially when that message runs counter to the physician's professional judgment and the patient's autonomous decision about what information she wants." *Id.* at 35. Similarly, Florida has attempted to prevent doctors from communicating with patients consistent with "the physician's professional judgment" and patient's choice about what information to receive.

Please circulate a copy of the opinion and this letter to the full court.

Respectfully submitted,

Douglas H. Hallward-Driemeier
Ropes & Gray LLP
One Metro Center
700 12th St NW Suite 900
Washington, DC 20005
douglas.hallward-driemeier@ropesgray.com
*Counsel for Petitioners*

Enclosure

cc: Allen C. Winsor
    Pam Bondi
    Jason Vail
    Office of the Attorney General
    PL-01, The Capital
    Tallahassee, FL 32399