

**PAM BONDI
ATTORNEY GENERAL
STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Allen Winsor
Solicitor General

PL-01 The Capitol
Tallahassee, FL 32399-1050
Phone (850) 414-3300
Fax (850) 410-2672
allen.winsor@myfloridalegal.com

March 25, 2015

**VIA ELECTRONIC FILING**

Douglas J. Mincher
Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street NW
Atlanta, GA  30303

**Re:** *Wollschlaeger, et al. v. Governor, State of Florida*
Case No. 12-14009-FF

Dear Mr. Mincher:

Pursuant to Rule 28(j), I write in response to Appellees' January 20 letter. *Stuart v. Camnitz*, 744 F.3d 238 (4th Cir. 2014), is materially different from this case and does not support the Appellees' rehearing petition.

First, the Fourth Circuit itself did not view its opinion as conflicting with this Court's decision. *Stuart* found that professionals' speech claims should be analyzed on a continuum between "public dialogue" and regulation of conduct. *Stuart* at 248 (citing *Pickup v. Brown*, 740 F.3d 1208, 1227 (9th Cir. 2013) and this Court's opinion in *Wollschlaeger*). At no point did *Stuart* "reject[] the view" of this Court. Appellees' letter at 1. *Stuart* acknowledged that regulation of speech and conduct differ; it simply found the challenged law regulated speech, placing it at a different point on the continuum. *Compare Stuart*, 744 F.3d at 247-48, *with Wollschlaeger* at 40.[1]

---

[1] *Stuart* also cited *King v. Governor of the State of New Jersey*, 767 F.3d 216, 224-29 (3d Cir. 2014), which it found consistent with this approach. The Ninth Circuit's decision in *Pickup* applied rational basis, finding that a restriction implicated conduct, even if it was conduct accomplished by speech. *See* 740 F.3d at 1227-29. *King* found a similar law regulated *speech*, without specifying what scrutiny would apply if it regulated *conduct*. *See* 767 F.3d at 224-25. It upheld the law.

Second, *Stuart* addressed a markedly different context, involving the government's "clear and conceded purpose" to support one side of a debate. *Stuart*, 774 F.3d at 246. The Court noted that the statute required physicians to "describe the image during the ultrasound, even if the woman actively averts her eyes and refuses to hear,"—which went "well beyond [the means] states have customarily employed to effectuate their undeniable interests in ensuring informed consent." *Id.* at 242 (alterations omitted). The context of this case is quite different; as the Court recognized, this law's purpose is to "protect patient privacy and curtail abuses of the physician-patient relationship." *Wollschlaeger* at 5.

Please share this with the Court. Thank you for your assistance.

Sincerely,

/s/ *Allen Winsor*

Allen Winsor

ACW/pdt

Cc: Counsel of record (through CM/ECF)