# IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### CASE NO. 12-14009-FF

_____

**DR. BERND WOLLSCHLAEGER,** *et al.*,
Appellees,

v.

**GOVERNOR, STATE OF FLORIDA,** *et al.*,
Appellants.

_____

**On Appeal from the United States District Court
For the Southern District of Florida
Miami Division**

_____

## APPELLEES' MOTION TO STAY THE MANDATE PENDING PETITION FOR CERTIORARI IF REHEARING EN BANC IS NOT GRANTED

Edward M. Mullins
ASTIGARRAGA DAVIS MULLINS &
GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida 33131-2847
Telephone: (305) 372-8282

Jonathan E. Lowy
BRADY CENTER TO PREVENT GUN
VIOLENCE
1225 Eye Street NW, Suite 1100
Washington, D.C. 20005
Telephone: (202) 289-7319

Douglas H. Hallward-Driemeier
Mariel Goetz
ROPES & GRAY LLP
700 12th Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 508-4600

Erin R. Macgowan
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600
Telephone: (617) 235-4105

*Counsel for Appellees Dr. Bernd Wollschlaeger, et al.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

## Wollschlaeger v. Governor, State of Florida, *et al.* (Case No. 12-14009-FF)

Pursuant to Federal Rule of Appellate Procedure Rule 26.1 and Eleventh Circuit Rule 26.1-1, Appellees/Plaintiffs provide the following certificate of interested persons:

1.  The Honorable Marcia G. Cooke, U.S. District Judge

**Defendants/Appellants:**

2.  Armstrong, John H., present Fla. Surgeon General and Secretary of the Department of Health

3.  Averoff, Magdalena, Fla. Board of Medicine Member

4.  Di Pietro, Nina, former Fla. Board of Medicine Member

5.  Dolin, Gary, Fla. Board of Medicine Member

6.  Dudek, Elizabeth, Secretary of the Agency for Health Care Administration

7.  El Sanadi, Nabil, Fla. Board of Medicine Member

8.  Farmer, Frank, former Fla. Surgeon General and Department Secretary

9.  Fernandez, Bernardo, Fla. Board of Medicine Member

10.  Ginzburg, Enrique, Fla. Board of Medicine Member

11.  Goersch, Brigitte Rivera, Fla. Board of Medicine Member

12.  Lage, Onelia, former Fla. Board of Medicine Member

13.  Lopez, Jorge J., Fla. Board of Medicine Member

**<u>Wollschlaeger v. Governor, State of Florida,</u>** *et al.* **(Case No. 12-14009-FF)**

14.  Orr, James, Fla. Board of Medicine Member

15.  Rosenberg, Steven, Fla. Board of Medicine Member

16.  Scott, Rick, Governor of Florida

17.  Stringer, Merle, Fla. Board of Medicine Member

18.  TerKonda, Sarvam, Fla. Board of Medicine Member

19.  Thomas, George, Fla. Board of Medicine Member

20.  Tootle, Joy, Fla. Board of Medicine Member

21.  Zachariah, Zachariah, Fla. Board of Medicine Member

**Plaintiffs/Appellees:**

22.  American Academy of Family Physicians, Fla. Chapter

23.  American Academy of Pediatrics, Fla. Chapter

24.  American College of Physicians, Fla. Chapter

25.  Fox-Levine, Shannon

26.  Gutierrez, Roland

27.  Sack, Stanley

28.  Schaechter, Judith

29.  Schechtman, Tommy

30.  Wollschlaeger, Bernd

**<u>Wollschlaeger v. Governor, State of Florida,</u>** *et al.* **(Case No. 12-14009-FF)**

**Defendants/Appellants' counsel:**

31.  Bondi, Pam

32.  DeWolf, Diane G.

33.  Nordby, Rachel E.

34.  Osterhaus, Timothy D.

35.  Vail, Jason

36.  Winsor, Allen

**Plaintiffs/Appellees' counsel:**

37.  Astigarraga, Davis, Mullins & Grossman, P.A.

38.  Brady Center to Prevent Gun Violence

39.  Dewar, Elizabeth*

40.  Goetz, Mariel

41.  Guiliano, Douglas*

42.  Hallward-Driemeier, Douglas

43.  Kainen, Dennis G.*

44.  Lewis, Julia*

45.  Lowy, Jonathan

46.  Lucas, Hal*

47.  Macgowan, Erin

**Wollschlaeger v. Governor, State of Florida, *et al.* (Case No. 12-14009-FF)**

48.  Manheim, Bruce*

49.  Mullins, Edward

50.  Ripa, Augustine*

51.  Ropes & Gray LLP

52.  Vice, Daniel*

**Amici and Others:**

53.  Alachua County Medical Society

54.  American Academy of Child and Adolescent Psychiatry

55.  American Academy of Family Physicians

56.  American Academy of Orthopaedic Surgeons

57.  American Academy of Pediatrics

58.  American Association of Suicidology

59.  American College of Obstetricians and Gynecologists

60.  American Congress of Obstetricians and Gynecologists

61.  American College of Preventative Medicine

62.  American College of Surgeons

63.  American Medical Association

64.  American Psychiatric Association

65.  American Public Health Association

**Wollschlaeger v. Governor, State of Florida,** *et al.* **(Case No. 12-14009-FF)**

66.  ACLU Foundation of Florida, Inc.

67.  Broward County Medical Association, The

68.  Broward County Pediatric Society, The

69.  Center for Constitutional Jurisprudence (CCJ)

70.  Children's Healthcare Is a Legal Duty, Inc. (CHILD)

71.  Doctors for Responsible Gun Ownership (DRGO)

72.  Early Childhood Initiative Foundation

73.  Florida Public Health Association, The

74.  Law Center to Prevent Gun Violence

75.  National Rifle Association (NRA)

76.  Palm Beach County Medical Society

77.  Suicide Awareness Voices of Education

78.  University of Miami School of Law Children and Youth Clinic

79.  Acosta, Patricia, Counsel for ACLU et al.

80.  Greenberg, Gerald E., Counsel for ACLU et al.

81.  Isani, Jamie Zysk, Counsel for ACLU et al.

82.  Julin, Thomas R., Counsel for ACLU et al.

83.  Marshall, Randall C., Counsel for ACLU et al.

84.  Mead, Gordon M., Jr., Counsel for ACLU et al.

**Wollschlaeger v. Governor, State of Florida,** *et al.* **(Case No. 12-14009-FF)**

85.  Ekdahl, Jon N., Counsel for American Medical Association et al.

86.  Levenstein, Richard H., Counsel for American Medical Association et al.

87.  Nelson, Leonard A., Counsel for American Medical Association et al.

88.  Fry, David H., Counsel for APHA et al.

89.  Heckenlively, Bryan, Counsel for APHA et al.

90.  Weinstein-Tull, Justin S., Counsel for APHA et al.

91.  Eastman, John, Counsel for CCJ and DRGO

92.  Caso, Anthony, Counsel for CCJ and DRGO

93.  Thompson, David, Counsel for the NRA

94.  Patterson, Peter, Counsel for the NRA

95.  Cooper, Charles, Counsel for the NRA

* = no longer involved in representation

/s/ Douglas H. Hallward-Driemeier

Dated: August 18, 2015

Douglas H. Hallward-Driemeier
ROPES & GRAY LLP
*Counsel for Petitioners*

Pursuant to Federal Rule of Appellate Procedure 41(d)(2), Appellees respectfully move this Court to stay issuance of the mandate if Appellees' Petition for Rehearing *En Banc* ("En Banc Petition"), filed today, is not granted, pending the filing and disposition of a Petition for a Writ of Certiorari in the United States Supreme Court.

## STATEMENT OF THE ISSUES AND PRIOR PROCEEDINGS

In its July 28, 2015 opinion ("Op."), a divided panel of this Court (Tjoflat, J., joined by Coogler, D.J.; Wilson, J., dissenting) upheld Florida's Firearm Owners Privacy Act ("FOPA" or the "Act") from Appellees' First Amendment challenge. FOPA, which was passed for the express purpose of silencing what some legislators believed was a "political agenda" on the part of doctors, Dkt. 87, ¶¶ 4, 5, 10, prohibits doctors from asking patients about their firearm ownership as a matter of routine preventive medicine. It does so in direct conflict with the findings and recommendations of numerous national medical associations.

Appellees, a group of physicians and physician organizations, filed this lawsuit on June 24, 2011, challenging the Act as violating the First Amendment rights of doctors and their patients. The district court (Cooke, D.J.) agreed, entering a preliminary and later a permanent injunction that enjoined enforcement of the Act's challenged provisions. Op. 9-13. The State appealed.

On July 25, 2014, a divided panel (Tjoflat, J., joined by Coogler, D.J.; Wilson, J., dissenting) issued an opinion ("2014 Op.") upholding FOPA on the grounds that it regulated "professional conduct" that was not entitled to any First Amendment protection. 2014 Op. 43. Appellees promptly filed a petition for rehearing *en banc*.

A year later, on July 28, 2015, the panel issued a revised opinion ("Op."). The panel divided along the same lines and reached the same result, only this time claiming to apply some level of intermediate scrutiny to the Act. Op. 52, 62. Judge Wilson once again dissented, reasoning that the Act's content- and viewpoint- based restrictions cannot withstand even intermediate scrutiny. Op. 90, 96.

Appellees once again have filed a petition for rehearing *en banc*, explaining that the majority's decision is contrary to clear Supreme Court and Eleventh Circuit precedent and that the case involves questions of exceptional importance. *See* En Banc Petition. By rule, the mandate is stayed pending the filing and consideration of Appellees' En Banc Petition, *see* Fed. R. App. P. 41(d)(1). If the Court declines to grant the En Banc Petition, Appellees plan to file a Petition for a Writ of Certiorari with the United States Supreme Court. In that event, Appellees respectfully request a continued stay of the mandate to allow the preservation of the status quo and to protect the vital free speech and public health interests at stake in this case. It bears emphasizing that the challenged provisions of FOPA have been con-

tinuously enjoined for nearly four years, ever since the district court granted plaintiffs' preliminary injunction on September 14, 2011. There is no indication that the State or the public have been harmed during this stay. Granting Appellees' request will avoid imposing a sea change on physicians' standard preventive medicine practices while this litigation remains ongoing and hopefully will help save lives as information regarding gun safety is imparted unto the public. As noted in the En Banc Petition, if the stay is not granted, it is likely that physicians will chill their normal practice of providing this information to their patients.

## ARGUMENT

In order to justify staying the mandate pending a petition for a writ of certiorari, Appellees must demonstrate that the contemplated petition for certiorari would "present a substantial question" and that "there is good cause for a stay." Fed. R. App. P. 41(d)(2)(A). Both requirements are met here.

## A. The Majority's Opinion Conflicts with Supreme Court and Other Circuit Precedent on a Substantial Question of First Amendment Law and is Ripe for Supreme Court Review

The panel majority's opinion, both in its determination of what level of First Amendment scrutiny to apply and in its application of some level of intermediate scrutiny, conflicts with established Supreme Court precedent, as well as precedent from other circuits. Appellees' Petition for a Writ of Certiorari would present a substantial question of First Amendment law regarding the protections afforded to

3

professional speech.

First, Appellees' Petition for a Writ of Certiorari would present the question of whether the rule reiterated just two months ago in *Reed v. Town of Gilbert*, 135 S. Ct. 2218, 2228 (2015)—that content-based laws are presumptively unconstitutional and subject to strict scrutiny—applies with equal force when a law seeks to silence a professional's speech on the basis of its content. *See also R.A.V. v. City of St. Paul*, 505 U.S. 377, 382 (1992) (content-based laws are "presumptively unconstitutional"). The panel majority "readily" acknowledged that FOPA is a content-based restriction on physician speech, Op. 62, and yet justified its application of the lesser standard of intermediate scrutiny on the assertion that the state's interest in regulating a physician's speech is at its height when the physician is speaking in his professional capacity to an individual patient, Op. 52. Although the majority concluded that a lesser standard of scrutiny applicable to regulations of "commercial speech" was appropriate here, *see* Op. 56 (citing *Central Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y*, 447 U.S. 557 (1980)), that doctrine is inapplicable here. The Supreme Court has made clear that the "commercial speech" doctrine is limited to speech concerning "economic interests," *Central Hudson*, 447 U.S. at 561, and in particular speech that "propos[es] a commercial transaction," *City of Cincinnati v. Discovery Network, Inc.*, 507 U.S. 410, 423 (1993) (citation omitted). The speech restricted by FOPA is, by the majority's own

characterization, speech regarding a topic of "social, political, and moral controversy." Op. 68 (citing State's Br. 33). The Supreme Court has applied strict scrutiny to restrictions on professionals' speech when they concern such topics of societal controversy. *See NAACP v. Button*, 371 U.S. 415, 438-39 (1963).

Additionally, the majority's opinion creates a clear circuit split on the question of what level of scrutiny is warranted when a law presents a content- and viewpoint- based restriction of individual speech by licensed professionals. The majority's opinion, which holds that only some level of intermediate scrutiny is warranted, conflicts directly with the Ninth Circuit's decision in *Conant v. Walters*, 309 F.3d 629 (9th Cir. 2002). In *Conant*, the Ninth Circuit struck down a law that prohibited physicians from recommending medical marijuana to patients. *Id.* at 636-39. There, as here, the challenged law restricted what doctors could say to their patients about one particular—and controversial—health topic, on the grounds that the government disagreed with the message it believed doctors were expressing to patients. *Id.* at 638-39. But in *Conant*, the Ninth Circuit analyzed the challenged provision as a classic content-, and viewpoint- based regulation and subjected it to strict scrutiny, which it could not withstand. *Id.* As the dissent observes, the majority's approach cannot be squared with *Conant*. Op. 111 (Wilson, J., dissenting).

Indeed, the majority's opinion is the first time that a court has upheld a stat-

ute prohibiting doctors from counseling patients on a particular topic because the state disagrees with the political message it believes the doctors are conveying. In so doing, the majority opinion creates clear conflict with established Supreme Court case law, as further explained in Appellees' En Banc Petition. En Banc Petition 7-9. For these reasons, a petition would present a substantial question for Supreme Court review.

**B.** **Allowing the Mandate To Issue Would Damage Doctor-Patient Relationships and Present Public Health Risks to Florida Residents**

If the challenged provisions are permitted to take effect, FOPA ensures that Florida residents will receive less information about firearm safety from their physicians. The public health consequences of allowing the Act to go into effect at all—let alone while the Supreme Court still is considering it—are clear, and they are significant. At the very least, FOPA will impair the doctor-patient relationship by limiting the free flow of information between doctor and patient—a particularly dangerous proposition in a context where "barriers to full disclosure" stand to "impair diagnosis and treatment." *Trammel v. United States*, 445 U.S. 40, 51 (1980); *see also Sorrell v. IMS Health, Inc.*, 131 S. Ct. 2653, 2664 (2011) (in the medical context, "information can save lives").

More broadly, the Act stands to eliminate—or at the very least sharply limit—doctors' standard practice of preventive medicine. In response to the epidemic of firearm-related injuries and deaths, especially involving children, national medi-

cal associations (including the American Medical Association and the American Academy of Pediatrics) all recommend, at a minimum, that doctors counsel families about firearm injury prevention, including during routine conversations about a patient's medical history. Op. 78-79 (Wilson, J., dissenting). Physicians who initiate these conversations as a matter of course—and without first making a particularized finding that their questions are "relevant" to the patient's care—risk discipline under FOPA. Prior to the district court's injunction, many plaintiffs stopped this routine practice for fear of being subject to discipline under the law, Op. 85 (Wilson, J., dissenting), and should the mandate be issued pursuant to the majority's opinion, it will likely have the very same effect on thousands of physicians throughout the state of Florida.

On the other hand, there is no indication that either the State or the public has been harmed from the stay or would be harmed if the stay were continued. For four years, the Plaintiffs and other physicians have continued their prior practice of providing this counselling on firearms and there is no indication that this has caused any harm at all to the public but to the contrary it is in the public interest.

## CONCLUSION

If the Court does not grant Appellees' En Banc Petition, the mandate should be stayed pending Appellees' filing and disposition of a Petition for a Writ of Cer-

tiorari in the United States Supreme Court.

Respectfully submitted,


DATED: August 18, 2015  /s/ Douglas H. Hallward-Driemeier
          Douglas H. Hallward-Driemeier
          ROPES & GRAY LLP
          700 12th Street, NW, Suite 900
          Washington, D.C. 20005
          Telephone: 202-508-4600

          *Counsel for Petitioners*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2015, an electronic version of this Motion to Stay the Mandate Pending Petition for Certiorari if Reheaing *En Banc* is Not Granted was served via the Court's CM/ECF system on counsel of record for defendants-appellants.


/s/ Douglas H. Hallward-Driemeier
Douglas H. Hallward-Driemeier