# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No. 12-14009-FF

DR. BERND WOLLSCHLAEGER, *et al.*,

Plaintiffs/Appellees,

vs.

GOVERNOR, STATE OF FLORIDA, *et al.*,

Defendants/Appellants.

_____

On Appeal from the United States District Court
for the Southern District of Florida
_____

### APPELLANTS' OPPOSITION TO MOTION TO
### STAY THE MANDATE PENDING PETITION FOR CERTIORARI
### IF REHEARING EN BANC IS NOT GRANTED
_____

PAMELA JO BONDI
ATTORNEY GENERAL

Allen Winsor (FBN 16295)
Solicitor General
Allen.Winsor@myfloridalegal.com
Osvaldo Vazquez (FBN 70995)
Deputy Solicitor General
Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300
(850) 410-2672 (fax)
*Counsel for State Appellants*

***Wollschlaeger, et al. v. Governor of Florida, et al.***     ***Case No. 12-14009-FF***

# <u>*AMENDED* CERTIFICATE OF INTERESTED PERSONS & CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure Rule 26.1 and Eleventh Circuit Rule 26.1-1, Appellants/Defendants provide the following list of interested persons or entities that were omitted from the certificate contained in Appellees/Plaintiffs' motion:

**Defendants/Appellants**:

1. Averhoff, Magdalena, Fla. Board of Medicine Member [corrected entry]

2. Bearison, Fred, Former Fla. Board of Medicine Member

3. Espinola, Trina, Former Fla. Board of Medicine Member

4. Levine, Bradley, Former Fla. Board of Medicine Member

5. Mullins, Donald, Former Fla. Board of Medicine Member

6. Nuss, Robert, Former Fla. Board of Medicine Member

7. Orr, James, Fla. Board of Medicine Member

8. Rosenberg, Jason, Former Fla. Board of Medicine Member

9. Scott, Rick, Governor of Florida

10. Shugarman, Richard G., Former Fla. Board of Medicine Member

11. Thomas, George, Former Fla. Board of Medicine Member [corrected entry]

12. Tucker, Elisabeth, Former Fla. Board of Medicine Member

13. Winchester, Gary, Former Fla. Board of Medicine Member

**Defendants/Appellants' counsel**:

14. DeWolf, Diane G. [no longer involved in representation]

15. Osterhaus, Timothy D. [no longer involved in representation]

16. Vail, Jason [no longer involved in representation]

17. Vazquez, Osvaldo

August 31, 2015　　　　　　　　　/s/ *Allen Winsor*
　　　　　　　　　　　　　　　　Counsel for State Appellants

# APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO STAY THE MANDATE PENDING PETITION FOR CERTIORARI IF REHEARING EN BANC IS NOT GRANTED

This Court should deny Appellees' motion for a stay of the mandate pending a petition for certiorari because Appellees have made no showing that they satisfy the standard for entry of such a stay.

To establish that a stay of a mandate is warranted, a party must show: i) a reasonable probability that four Justices will vote to grant certiorari; ii) a reasonable possibility that five Justices will vote to reverse the judgment of this Court; and iii) that the party will suffer irreparable injury absent a stay. *Senne v. Village of Palatine, Ill.*, 695 F.3d 617, 619 (7th Cir. 2012) (Ripple, J., in chambers) (collecting cases); *see also S. Park Indep. School Dist. v. United States*, 453 U.S. 1301, 1303 (1981) (Powell, J., in chambers) (listing these factors and noting that "[t]he standards for granting a stay of mandate pending disposition of a petition for certiorari are well established").[1] While Appellees correctly quote the text of Rule 41, the comments to the Rule clarify that it is the caselaw, primarily from the Supreme Court itself, that establishes the standard.[2] The showing required is a

---

[1] *See also generally* 16AA Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3987.1, at 623-27 nn. 4, 6 (collecting circuit court cases).

[2] Fed. R. App. P. 41 cmt. to 1994 Amendment to Subdivision (b) ("The amendment . . . states that the motion must show that a petition for certiorari would

1

strict one, *see Rostker v. Goldberg*, 448 U.S. 1306, 1308 (1980) (Brennan, J., in chambers), and Appellees have failed to make it.

Appellees cannot show a reasonable probability that four Justices will vote to grant certiorari if a petition is filed. While Appellees assert that the panel's decision conflicts with Supreme Court caselaw and "creates a clear circuit split," their arguments fall short of the mark. Indeed, the Supreme Court has, in the past year, denied certiorari in the very circuit court cases the Appellees submitted to this Court as supplemental authority, which Appellees said conflicted with the panel's original opinion. *Compare* 28(j) Letter from Appellees' Counsel, Sept. 15, 2014 (discussing *King v. Governor of State of New Jersey*, 767 F.3d 216 (3d Cir. 2014)), *with* 135 S. Ct. 2048 (denying certiorari); *compare also* 28(j) Letter from Appellees' Counsel, Jan. 20, 2015 (discussing *Stuart v. Camnitz*, 774 F.3d 238 (4th Cir. 2014)), *with Walker-McGill v. Stuart*, 135 S. Ct. 2838 (2015) (denying certiorari sub nom.); *cf.* Op. at 66-67 (explaining that revised opinion is consistent with both *King* and *Stuart*). The fact that the Supreme Court has denied certiorari

---

present a substantial question and that there is good cause for a stay. The amendment is intended to alert the parties to the fact that a stay of mandate is not granted automatically and to the type of showing that needs to be made. The Supreme Court has established conditions that must be met before it will stay a mandate. *See* Robert L. Stern *et al.*, *Supreme Court Practice* § 17.19 (6th ed. 1986)."); *see also generally* Robert L. Stern *et al.*, *Supreme Court Practice* § 17.19, at 788-96 (8th ed. 2002).

in a case raising similar issues weighs strongly against a finding that it is reasonably probable that certiorari would be granted here. As Chief Justice Rehnquist concluded, the Court's having "recently denied a petition raising the precise issue" advanced by a stay applicant, "demonstrate[d] quite clearly the unlikelihood that four Justices would grant review on this issue." *Packwood v. S. Select Comm. on Ethics*, 510 U.S. 1319, 1321-22 (1994) (Rehnquist, C.J., in chambers); *see also S. Park Indep. School Dist.*, 453 U.S. at 1304 (same, citing certiorari denial from three years before).

Nor have Appellees demonstrated a likelihood that, if Certiorari were granted, a majority of the Supreme Court would reverse. On this point, Appellees' motion focuses on whether a hypothetical petition would present a "substantial question" and largely repeats the arguments presented in its en banc petition. *Compare* Mot. at 4-5, *with* Petition for Rehearing En Banc at 6-9. It suffices to say that the panel opinion comprehensively and persuasively demonstrates how the outcome is fully consistent with the Supreme Court's speech jurisprudence. *See* Op. at 45-55 (discussing Supreme Court opinions consistent with the Court's conclusion regarding the appropriate level of scrutiny to be applied to professional speech); 62-66 (discussing the Supreme Court caselaw that forecloses Appellees' arguments for strict scrutiny).

Finally, Appellees make no showing at all that any party would suffer irreparable harm absent a stay. The standard requires more than showing a mere possibility of irreparable injury,[3] and Appellees' failure to make any showing at all dooms their motion. *See Ruckelshaus v. Monsanto Co.*, 463 U.S. 1315, 1317 (1983) (Blackmun, J., in chambers) ("An applicant's likelihood of success on the merits need not be considered . . . if the applicant fails to show irreparable injury from the denial of the stay."). Appellees argue only that denying a stay would "impair the doctor-patient relationship," and would "eliminate—or at the very least sharply limit—doctors' standard practice of preventive medicine." Mot. at 6. But they offer only speculation that this would occur. *See id.* at 7 ("[S]hould the mandate be issued pursuant to the majority's opinion, it will *likely* have the [effect of physicians' altering their practice] throughout the state of Florida") (emphasis added). Moreover, if Appellees *had* made an irreparable injury showing, that harm would have to be balanced against the harm to the State or to the public. *See* Stern, et al., *supra* § 17.19, at 790. As the Justices have consistently noted, "any time a State is enjoined by a court from effectuating statutes enacted by representatives of

---

[3] *Cf. Nken v. Holder*, 556 U.S. 418, 434-35 (2009) (discussing traditional test for stay in case regarding stay pending appeal and noting that "simply showing some 'possibility of irreparable injury,' fails to satisfy the second factor" of the test) (quoting *Abbassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998)).

its people, it suffers a form of irreparable injury." *New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers); *accord Maryland v. King*, 133 S. Ct. 1, 3 (2012) (Roberts, C.J., in chambers).

The Court should deny Appellees' motion.

                            Respectfully submitted,

                            PAMELA JO BONDI
                            ATTORNEY GENERAL

                            /s/ *Allen Winsor*
                            Allen Winsor (FBN 16295)
                            Solicitor General
                            Allen.Winsor@myfloridalegal.com
                            Osvaldo Vazquez (FBN 70995)
                            Deputy Solicitor General
                            Office of the Attorney General
                            PL-01, The Capitol
                            Tallahassee, FL 32399
                            (850) 414-3300
                            (850) 410-2672 (fax)
                            *Counsel for Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2015, the foregoing was filed with the Clerk of Court via the court's electronic filing system and electronically served on counsel for Appellees.

/s/ *Allen Winsor*
Counsel for State Appellants
