No. 12-14009

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DR. BERND WOLLSCHLAEGER, *et al.*,
*Plaintiffs-Appellees,*
v.
GOVERNOR OF THE STATE OF FLORIDA, *et al.*,
*Defendants-Appellants.*

On Appeal from the United States District Court
for the Southern District of Florida

UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* OF MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA IN SUPPORT OF PETITION FOR REHEARING *EN BANC*

Pursuant to 11th Cir. R. 35-6, as well as Fed. R. App. P. 29(b) and 11th Cir. R. 29-1, proposed *Amicus Curiae* Moms Demand Action for Gun Sense in America ("Moms Demand Action") moves to file the attached brief as *Amicus Curiae* in support of rehearing *en banc*. Counsel for Plaintiffs-Appellees and counsel for Defendants-Appellants have consented to this motion and to the filing of the attached brief.

In support of this motion, proposed *Amicus Curiae* states as follows:

1. **The Movant's Interest.** Formed in the wake of the Sandy Hook Elementary shooting in Newtown, Connecticut, Moms Demand Action is a grassroots movement of American mothers fighting for public safety measures that

respect the Second Amendment and protect people from gun violence. A part of Everytown for Gun Safety ("Everytown"), the nation's largest gun-violence-prevention organization, Moms Demand Action promotes firearm safety nationwide by engaging in community education and political advocacy.

One of Moms Demand Action's top priorities is responsible firearm storage in the home. In 2014, Moms Demand Action and Everytown released a first-of-its-kind analysis of unintentional child gun deaths, which determined that more than two-thirds of fatal, unintentional shootings of children could be avoided if gun owners stored their firearms responsibly. *See* Moms Demand Action & Everytown for Gun Safety, *Innocents Lost: A Year of Unintentional Gun Deaths* (2014) (hereinafter "*Innocents Lost*"), *available at* http://everytown.org/article/innocents-lost/. Since 2015, the organizations have tracked every incident in which a child 17 or under unintentionally kills or injures someone with a gun, including where these unintended shootings take place and what type of firearm is involved. *See* NotAnAccident Index, http://everytownresearch.org/notanaccident/. And Moms Demand Action has launched a campaign that aims to reduce unintentional child gun deaths of children by educating communities about responsible firearm storage practices and encouraging discussion between citizens on the subject. *See* BeSmartForKids.org, a campaign to reduce child gun deaths; *see also* Moms Demand Action, Press Release, *Texas Moms and Everytown for Gun Safety Respond to Third Unintentional Child Shooting in Houston in Four Days*, Mar. 2, 2015.

More than 2 million American children live in households with unsecured guns—and 1.7 million live in homes that contain guns that are both loaded and unlocked. *Innocents Lost* at 4 (citations omitted). Each year, around 100 children 17 and under are killed in unintentional shootings, and the vast majority of these deaths take place in the victim's own home or in the home of a relative or friend. *See* Center for Disease Control and Prevention, "Fatal Injury Reports, National and Regional, 1999-2011," available at: http://1.usa.gov/1ni8EV8; *Innocents Lost* at 3. *See also, e.g.*, Grossman, Reay, & Baker, *Self-inflicted and unintentional firearm injuries among children and adolescents: the source of the firearm*, 153 Arch. Pediatr. Adolesc. Med .875-8 (1999) (concluding that most guns involved in child and adolescent suicides and accidental injuries came from the victim's home or the home of a friend or relative). Research by Moms Demand Action established that more than two-thirds of these tragedies could have been avoided through responsible firearm storage. *Innocents Lost* at 3.

Similarly, numerous shootings in schools make headlines every year. *See, e.g.*, Howard Pankratz, Kevin Vaughan, and Joey Bunch, *2 Students Shot, 1 Man Arrested at Deer Creek Middle School*, Denver Post, Feb. 23, 2010; Corky Siemaszko, *Shooting at Baltimore-Area High School on First Day Back as One Student Opens Fire on Two Others in Cafeteria*, N.Y. Daily News, Aug. 28, 2012; Timothy Williams, *Student Kills Math Teacher, Then Himself, at a Middle School in Nevada*, N.Y. Times, Oct. 21, 2013; Doug Stanglin, *Boy, 12, Wounds 2 Classmates at N.M. School*, U.S.A. Today, Jan. 14, 2014. In school shootings occurring between December 2012 and December 2014 in which it was

possible to determine the source of the firearm used, nearly two-thirds of the shooters—like the shooter in the Sandy Hook killings—obtained their guns from home (usually the unsecured gun of a parent or other relative). Everytown for Gun Safety, *Analysis of School Shootings*, *available at* http://everytown.org/documents/2014/10/analysis-of-school-shootings.pdf.

The members of Moms Demand Action—indeed, all parents—are directly affected by these preventable tragedies. It is essential that patients be educated about responsible firearm storage not only so that families can choose to implement safe practices in their own homes, but also so that parents can send their children to school and to the homes of friends and relatives with greater confidence that they will not be placed in unnecessary danger. Doctors—in particular, pediatricians—are at the front lines of educational efforts because they are often parents' primary reliable source of information about child safety.

2. **The Reason Why An Amicus Brief Is Desirable And Why The Matters Asserted Are Relevant To The Disposition Of The Case.** Florida's law restricting doctors' ability to ask patients about firearm ownership and provide factually accurate, objective information on gun safety is a direct obstacle to this important project of education—as is the panel decision upholding it. The law chills doctors' inquiries and counseling about responsible firearm storage, and the result will be that many parents never receive crucial, lifesaving information. This cannot be squared with the First Amendment, which protects not only doctors' right to speak,

4

but also parents' "right to receive information and ideas." *Bd. of Educ. v. Pico ex rel. Pico*, 457 U.S. 853, 867 (1982) (plurality op.) (citation omitted). The panel decision ignores the First Amendment rights of listeners and thereby allows the state to shut down an important avenue for transmission of public health information to parents and to the public more generally.

The proposed brief demonstrates how the panel decision upholding the Florida law insufficiently respects the rights of willing patients to receive important medical, health, and safety information regarding firearm storage from their doctors, while instead favoring the rights of a relatively few patients who consider hearing such truthful information to be "harassment" by their doctors. And the proposed brief does so from the perspective of an *Amicus Curiae* closely associated with the interests of those willing patients, who would prefer to be able to receive accurate, medically sound information about firearm safety and storage without having their doctors chilled from doing so by the Florida law at issue.

Moms Demand Action respectfully requests that the Court grant its motion for leave, and further urges this Court to vacate the panel decision so that the First Amendment rights of parents—and all those who would welcome information about gun safety—are adequately protected.

Dated: January 14, 2016　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　/s/ Gregory A. Castanias
　　　　　　　　　　　　　　　　　　　Gregory A. Castanias
　　　　　　　　　　　　　　　　　　　Charlotte H. Taylor
　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　51 Louisiana Ave., N.W.
　　　　　　　　　　　　　　　　　　　Washington, D.C. 20001
　　　　　　　　　　　　　　　　　　　(202) 879-3939

　　　　　　　　　　　　　　　　　　　Peter C. Canfield
　　　　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　　　　1420 Peachtree Street, N.E.
　　　　　　　　　　　　　　　　　　　Suite 800
　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309
　　　　　　　　　　　　　　　　　　　(404) 521-3939

　　　　　　　　　　　　　　　　　　　J. Adam Skaggs
　　　　　　　　　　　　　　　　　　　MOMS DEMAND ACTION
　　　　　　　　　　　　　　　　　　　　FOR GUN SENSE IN AMERICA
　　　　　　　　　　　　　　　　　　　P.O. Box 4184
　　　　　　　　　　　　　　　　　　　New York, NY 10163
　　　　　　　　　　　　　　　　　　　(646) 324-8201

　　　　　　　　　　　　　　　　　　　Counsel for Proposed *Amicus Curiae*
　　　　　　　　　　　　　　　　　　　Moms Demand Action for
　　　　　　　　　　　　　　　　　　　Gun Sense in America

---

**CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT**

---

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Moms Demand Action for Gun Sense in America discloses it is a part of a non-profit organization, Everytown for Gun Safety, which has no parent corporations and issues no stock. Accordingly, no publicly held corporation owns 10% or more of its stock.

Pursuant to Rule 26.1-1, in addition to the parties and entities identified in the Certificate of Interested Persons in the Petition for Rehearing *En Banc*, Moms Demand Action for Gun Sense submits that the following persons and entities have an interest in the outcome of this matter:

*Amicus Curiae*:

Moms Demand Action for Gun Sense in America

Everytown for Gun Safety Action Fund

Everytown for Gun Safety Support Fund

Counsel for *Amicus Curiae*:

JONES DAY,

    Peter C. Canfield

    Gregory A. Castanias

    Charlotte H. Taylor

MOMS DEMAND ACTION FOR GUN SENSE IN AMERICA,

    J. Adam Skaggs

Dated: January 14, 2016                /s/ Gregory A. Castanias
                                                       Counsel for *Amicus Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that, on January 14, 2016, the foregoing Motion for Leave to File Brief of *Amicus Curiae* was served via Electronic Case Filing (ECF) on all counsel of record:

Douglas H. Hallward-Driemeier, Esq.
Mariel Goetz, Esq.
Ropes & Gray LLP
700 12th Street, NW, Suite 900
Washington, D.C. 20005

Erin R. Macgowan, Esq.
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199-3600

Edward M. Mullins, Esq.
Astigarrage Davis Mullins & Grossman, P.A.
701 Brickell Avenue, 16th Floor
Miami, FL 33131-2847

Jonathan E. Lowy, Esq.
Brady Center to Prevent Gun Violence
1225 Eye Street, NW, Suite 1100
Washington, D.C. 2005

Pam Bondi, Esq.
Allen C. Winsor, Esq.
Timothy Osterhaus, Esq.
Jason Vail, Esq.
Diane G. DeWolf, Esq.
Rachel E. Nordby, Esq.
Office of the Attorney General
PL01- The Capitol
Tallahassee, FL 32399-1050

/s/ Gregory A. Castanias
Gregory A. Castanias