# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

Case No.: 12-14009
D.C. Docket No.: 1:11-cv-22026-MGC

---

DR. BERND WOLLSCHLAEGER, DR. JUDITH SCHAECHTER, DR. TOMMY SCHECHTMAN, AMERICAN ACADEMY OF PEDIATRICS, FLORIDA CHAPTER, AMERICAN ACADEMY OF FAMILY PHYSICIANS, FLORIDA CHAPTER, AMERICAN COLLEGE OF PHYSICIANS, FLORIDA CHAPTER, INC., ROLAND GUTIERREZ, STANLEY SACK, SHANNON FOX-LEVINE,
*Petitioners-Appellees,*

vs.

GOVERNOR OF THE STATE OF FLORIDA, et al.,
*Respondents-Appellants*.

---

Appeal from the United States District Court
for the Southern District of Florida

---

**AMERICAN BAR ASSOCIATION'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PETITION FOR REHEARING *EN BANC* OF PETITIONERS-APPELLEES, DR. BERND WOLLSCHLAEGER, ET AL.**

---

Of Counsel:

Richard J. Ovelmen
Florida Bar No. 284904

Gary L. Sasso
Florida Bar No. 622575

Michael D. Sloan
Florida Bar No. 104385

Paulette Brown*
President
American Bar Association
321 North Clark Street
Chicago, IL 60654
312-988-5000
abapresident@americanbar.org
*Counsel of Record

*Counsel for Amicus Curiae American Bar Association*

DOCKET NO.: 12-14009
*WOLLSCHLAEGER, ET AL. V. GOVERNOR OF FLORIDA, ET AL.*

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and 11th Cir. R. 26.1, *amicus curiae* American Bar Association ("ABA") discloses that it is an Illinois nonprofit corporation, has no parent corporation, and does not issue shares of stock. ABA is a national organization representing its more than 400,000 attorney members, law student members, and non-lawyer "associates" in related fields.[*]

On behalf of *amicus curiae*, American Bar Association, the undersigned certifies that the Certificate of Interested Persons included within Petitioners-Appellees' Petition for Rehearing *En Banc* is complete.

/s/ Paulette Brown
Paulette Brown

---

[*] No party's counsel authored this brief, and no party, its counsel, or other person contributed money intended to fund this brief's preparation or submission, other than ABA and its members.

**MOTION**

Pursuant to 11th Cir. R. 35-6, the American Bar Association ("ABA") moves for leave to file an *amicus curiae* brief in support of the petition for rehearing *en banc* filed by the Petitioners/Appellees.

This motion should be granted because the ABA has a strong interest in protecting the free speech rights of regulated professionals. The ABA is one of the largest voluntary professional membership organizations and is the leading association of legal professionals in the United States. Since its founding in 1878, the ABA has paid special attention to protecting the rights guaranteed by the Constitution, including the First Amendment rights of health care practitioners and other regulated professionals.

Of specific relevance to the question before the *en banc* Court, in 2012 the ABA adopted a policy that opposes "governmental actions and policies that limit the rights of physicians and other health care providers to inquire of their patients whether they possess guns and how they are secured in the home or to counsel their patients about the dangers of guns in the home and safe practices to avoid those dangers." ABA Policy #111 (adopted August 2012) ("ABA Policy #111").[1] The accompanying report ("ABA Report #111") notes that legislation limiting the

---

[1] Available at http://www.americanbar.org/content/dam/aba/administrative/house_of_delegates/resolutions/2012_hod_annual_meeting_111.authcheckdam.doc

1

right of health care professionals to ask their patients such questions interferes with preventive care duties that are a foundation of modern medicine, and that such legislation violates the First Amendment rights of both health care practitioners and their patients.

The ABA has a strong interest in the First Amendment question presented to this Court and in the crucial importance of open and unfettered dialogue between members of regulated professions (such as doctors and attorneys) and their patients or clients. Indeed, while the dissent declined to write a third dissenting opinion, and instead rested on its two previous dissents, *Wollschlaeger v. Governor of Florida*, --- F.3d ---, Case No. 12-14009, Slip Op. at 82 (11th Cir. Dec. 14, 2015), the two previous dissents cited ABA Policy #111.

This motion also should be granted because the ABA, as *amicus curiae*, demonstrates in its proposed brief that the panel decision is contrary to binding precedent from the Supreme Court of the United States. *See Reed v. Town of Gilbert, Ariz.*, 576 U.S. ---, 135 S. Ct. 2218, 192 L. Ed. 2d 236 (2015); *Sorrell v. IMS Health Inc.*, 564 U.S. ---, 131 S. Ct. 2653, 180 L. Ed. 2d 544 (2011); *Edenfield v. Fane*, 507 U.S. 761, 113 S. Ct. 1792, 123 L. Ed. 2d 543 (1993); *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 96 S. Ct. 1817, 48 L. Ed. 2d 346 (1976); *Nat'l Ass'n for Advancement of Colored People v. Button*, 371 U.S. 415, 83 S. Ct. 328, 9 L. Ed. 2d 405 (1963).

These decisions demonstrate that the statutes at issue in this case form an unlawful content-based, viewpoint discriminatory, and speaker-based limitation on speech. As a result, the statutes cannot withstand any heightened review under the First Amendment, much less strict scrutiny. These decisions also demonstrate that paternalistic rationales are insufficient to uphold a State's restriction on truthful and politically unpopular speech. The State of Florida cannot, under the guise of its power to regulate the medical profession, silence certain speech with which the State disagrees.

Finally, this motion should be granted because one of the counsel for *amicus curiae*, Richard J. Ovelmen, of Carlton Fields Jorden Burt, P.A., served as counsel for *amicus curiae*, TechFreedom, in *Sorrell v. IMS Health Inc.*, 564 U.S. ---, 131 S. Ct. 2653, 180 L. Ed. 2d 544 (2011), a central Supreme Court decision applicable in this case.

## CONCLUSION

The American Bar Association respectfully requests the Court grant this motion and accept the ABA's attached brief as *amicus curiae* in support of the petition for rehearing *en banc* filed by the Petitioners/Appellees.

Dated: January 14, 2016                     Respectfully submitted,

/s/ Paulette Brown

Of Counsel:

Richard J. Ovelmen
Florida Bar No. 284904

Gary L. Sasso
Florida Bar No. 622575

Michael D. Sloan
Florida Bar No. 104385

Paulette Brown*
President
American Bar Association
321 North Clark Street
Chicago, IL 60654
312-988-5000
abapresident@americanbar.org
*Counsel of Record

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of January 2016, I caused the foregoing to be electronically filed using the Court's CM/ECF system, which will provide service on all counsel of record, including those identified below, via Notice of Docket Activity generated by CM/ECF:

| | |
|---|---|
| Pamela J. Bondi, Attorney General<br>Timothy D. Osterhaus Solicitor General<br>Jason Vail, Assistant Attorney General<br>Diane G. DeWolf, Deputy Solicitors General<br>Rachel E. Nordby, Deputy Solicitors General<br>Office of the Attorney General<br>PL-01, The Capitol<br>Tallahassee, FL 32399 | Douglas Hallward-Driemeier<br>Bruce S. Manheim, Jr.<br>Mariel Goetz<br>Ropes & Gray LLP<br>700 12th Street, NW, Suite 900<br>Washington, DC 20005-3948 |
| Elizabeth N. Dewar<br>Ropes & Gray LLP<br>Prudential Tower<br>80 Boylston Street<br>Boston, MA 02199-3600 | Jonathan E. Lowy<br>Daniel R. Vice<br>Brady Center to Prevent Gun Violation<br>1225 Eye Street, NW, Suite 1100<br>Washington, DC 20005 |
| Edward Maurice Mullins<br>Hal Michael Lucas<br>Astigarraga Davis Mullins & Grossman<br>701 Brickell Avenue 16th Floor<br>Miami, FL 33131-2847 | Dennis Gary Kainen<br>Weisberg & Kainen<br>1401 Brickell Avenue, Suite 800<br>Miami, FL 33131-3554 |
| Charles J. Cooper<br>David H. Thompson<br>Peter A. Petterson<br>Cooper and Kirk, PLLC<br>1523 New Hampshire avenue, NW<br>Washington, D.C. 20036 | John C. Eastman<br>Anthony T. Caso<br>Center for Constitutional Jurisprudence<br>c/o Chapman University School of Law<br>One University School of Law<br>One University Drive<br>Orange, CA 92886 |

/s/ Paulette Brown
Paulette Brown